IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CORY BAILEY,**

    **Plaintiff,**

v.                                                                     **CIVIL ACTION NO.: 3:20-CV-66
(GROH)**

**LT. M. BARBER,
BRYAN ANTONELLI,
JR PEREZ,
HAYGERMEIER,
COTTREL,
DR. SEYMOUR**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 23, 2020, the *pro se* Plaintiff, a federal prisoner who was previously incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming his Constitutional rights were violated. ECF No. 1.[1]

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-66, unless otherwise noted.

without prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action alleging his rights were violated while he was incarcerated in the Northern District of West Virginia.[2] Plaintiff filed an amended complaint on October 7, 2020, which alleges five claims for relief, that: (1) during a body search Defendant M. Barber groped his genitals and intimidated Plaintiff on February 20, 2020 [ECF No. 44 at 6 - 7]; (2) Defendant Warden Antonelli, "obstruct[ed]" justice and "neglect[ed]" to prevent systemic racism within the institution [Id. at 7]; (3) Defendants Perez and Haygermeier failed to investigate Plaintiff's complaint [Id.]; (4) Defendant Dr. Seymour obstructed justice by not reporting Plaintiff's claim of sexual assault [Id. at 7 - 8]; and (5) Defendant Cottrel "did nothing to stop the intimidation[ ]" or interrogation of Plaintiff by correctional officers [Id. at 8]. According to the complaint, Plaintiff had filed a grievance at level 1, but had not yet received any response from Level 2 or Level 3 of the grievance process ECF No. 44 at 4 - 5.

Plaintiff asserts he suffered, "emotional disquietude, emotional despair in authority, intimidation, suffering [elevated] panic[ ] attacks [and] anxiety" which required a triple-fold increase in his medication dosage. Id. at 8.

For relief, Plaintiff asks that the Court order the "Defendants [to] stand trial for various charges, pay maximum monetary fines, [that he receive a] reduction in sentence, and designate Plaintiff" to another federal institution. Id.

---

[2] According to the Bureau of Prisons inmate locator website, Plaintiff is now incarcerated at Allenwood USP in Allenwood, Pennsylvania. https://www.bop.gov/inmateloc/

### III.  LEGAL STANDARD

### A.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

"While the courts liberally construe *pro se* pleadings as a matter of course . . ., judges are not also required to construct a party's legal arguments for him." <u>Small v. Endicott</u>, 998 F.2d 411, 417- 18 (7th Cir. 1993) (quoting <u>Haines v. Kerner</u>).

### B.  Civil Rights Actions Under <u>Bivens</u>.

In <u>Bivens</u>, <u>supra</u>, the Supreme Court recognized that claimants may assert a

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

## IV. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Plaintiff concedes in his petition that he did not exhaust his administrative

remedies prior to filing the complaint. Plaintiff has not claimed any excuse for his failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

In his complaint Plaintiff concedes that although there is a grievance procedure in the institution where the events are alleged to have occurred, he did not complete the prisoner grievance procedure. ECF No. 44 at 4 – 5. Plaintiff does not allege that he was denied administrative remedy forms, or otherwise prevented from pursuing administrative remedies. Plaintiff claims he had a lack of trust in the institution and was intimidated, but later filed all three steps to exhaust his remedies. Id. at 4. However, Plaintiff does not describe how or why he lacked trust or was intimidated, or provide any further details to his claim. Id. Critically, Plaintiff acknowledged that his complaint was filed prior to receiving a complete response to his administrative remedies.

Accordingly, exhaustion has not occurred, and this matter is premature.  This failure to exhaust administrative remedies is apparent on the face of the pleadings.

In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this court lacks jurisdiction, this court cannot entertain the petition.

**B.    Relief Sought is Not Available in a Bivens Action**

Further, to the extent that Plaintiff seeks relief other than monetary damages, such relief is not permissible in a Bivens action.  The Supreme Court held in Malesko that, "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."  Plaintiff's requests that this court: (1) require Defendants to stand trial for "various charges"; (2) direct Defendants to pay maximum monetary fines; (3) reduce Plaintiff's sentence; and (4) designate Plaintiff to another federal institution.  However, the Court cannot consider any of Plaintiff's requests for relief in a Bivens action.

First, pursuant to the holding of Haines v. Kerner, and its progeny, this court is not obligated to construct Plaintiff's legal arguments for him.  However, Plaintiff's broad request that Defendants stand trial for "various charges", without specifying the wrongdoing underlying such charges, would require this Court to assist Plaintiff by constructing his legal arguments.  Second, under Bivens, "monetary fines" are not

available relief.[5]  Pursuant to Bivens, Plaintiff may seek damages from federal actors who violated Plaintiff's constitutional rights.  Again, Plaintiff is required to specify how each Plaintiff violated his rights, which violation would thereby entitle Plaintiff to damages.  Third, a reduction in sentence is not properly considered by this Court in a Bivens action.  Fourth, Plaintiff appears to be seeking mandamus relief in the form of an order by this Court which directs the Bureau of Prisons to transfer him to another facility. However, this action filed pursuant to Bivens, is an improper vehicle to obtain such relief. Accordingly, for all these reasons, the undersigned finds that even if Plaintiff had exhausted his administrative remedies, the instant action seeks remedies which are unavailable in a Bivens action, and relief should be denied.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

---

[5] Despite liberally construing Plaintiff's request for monetary "fines" instead of monetary damages, Plaintiff has failed to articulate any specific damages to which he may be entitled.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 8, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE